# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Nationstar Mortgage LLC,

    Plaintiff

v.

Westcor Land Title Insurance Company,

    Defendant

Case No.: 2:20-cv-00972-JAD-EJY

**Order Staying Action Pending Decision in Related Appeal & Denying Pending Motions as Moot**

[ECF Nos. 11, 18, 19]

    Nevada's 2008 housing crash kindled thousands of quiet-title lawsuits between the homeowners associations (HOAs) that foreclosed on homes when the homeowner stopped paying HOA assessments, the banks that held the first-trust deeds on those homes, and the investors who snapped those homes up at bargain-basement prices. Having consumed the state and federal courts for more than half a decade now, those cases are burning out. But as they do, a phoenix rises from their embers: the banks now sue the title insurers that issued policies when the mortgages were originated for failing to defend them in those quiet-title suits and cover their losses.

    In some of the earliest of these next-generation actions, judges in this district have already held that the title-insurance policies—which contain standard industry form language—do not cover such claims. Westcor Land Title Insurance Company, the title insurer in this case, moves to stay this action until the Ninth Circuit decides the appeal from one of those district-court rulings. Because I find that a *Landis* stay is warranted, I grant the motion and deny as moot the other pending motions in this case.

**Background**

At the center of this case is a form title-insurance policy: the ALTA 1992 loan policy of title insurance with form endorsements, issued by Westcor.[1] That policy was issued 14 years ago when the mortgage for which Nationstar now holds the deed of trust originated.[2] When the homeowner defaulted on its obligation to pay HOA assessments in 2012, the HOA enforced its statutory lien rights by performing a non-judicial foreclosure under NRS Chapter 116.[3] The foreclosure-sale purchaser filed a quiet-title action against Nationstar in 2013 and Nationstar submitted a claim under the Westcor policy, seeking defense, reimbursement, and indemnity.[4] Westcor denied the claim, and Nationstar now sues Westcor for a declaration that the policy obligated Westcor to tender a defense and fully indemnify Nationstar for its losses, for breach of contract, for bad faith, and for statutory violations.[5]

Many similar title-coverage cases are—or were—pending in this district. In one such action involving the same form policy and endorsements,[6] Chief Judge Miranda M. Du rejected Wells Fargo Bank's policy interpretation and theories and dismissed its claims.[7] That dismissal is currently on appeal to the Ninth Circuit, and briefing is nearly completed.[8] Westcor moves to stay the instant action pending the Ninth Circuit's decision in that Wells Fargo appeal,[9] and

---

[1] ECF No. 1-2 at 7–8 (complaint); ECF No. 11 at 3, ¶ 3 (title-insurance policy).
[2] ECF No. 1-2 at 7.
[3] *Id.*
[4] *Id.* at 9.
[5] *See id.* at 10–13.
[6] Case No. 3:19-cv-241-MMD-WGC.
[7] ECF No. 12 (order granting motion to dismiss) in Case No. 3:19-cv-241-MMD-WGC.
[8] Ninth Circuit Case No. 19-17332. The reply brief is now due December 9, 2020.
[9] ECF No. 18 (motion to stay).

Nationstar opposes this request.[10]  Finding that a temporary stay is merited, I grant Westcor's motion.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[11]  When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[12]

### A.     A stay will promote the orderly course of justice.

The significant overlap between this case and the *Wells Fargo* appeal ensures that a stay will promote the orderly course of justice.  These cases involve identical form title policies and endorsements and similar legal theories and claims.  Moreover, the policy intepretations that Nationstar advances in its motion for partial summary judgment in this action[13] are the same ones being challenged in the *Wells Fargo* appeal, which has been pending for a full year already.[14]  Indeed, Nationstar's motion cites to and argues the wrongness of Chief Judge Du's *Wells Fargo* decision.[15]  Waiting for the Ninth Circuit to decide that appeal may give this court and the parties a clearer path forward in this case, even if that appeal does not decide all issues.

---

[10] ECF No. 14 (opposition to motion to stay).

[11] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[12] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[13] *See* ECF No. 18 at 14–18 (attempting to distinguish the *Wells Fargo* holding).

[14] *See* Ninth Circuit Case No. 19-17332, Opening Brief (Dkt. #13).

[15] *See* ECF No. 18 at 14–18.

**B.     Hardship and inequity**

All parties face the prospect of hardship if I resolve the claims or issues in this case before the Ninth Circuit decides the same issues in *Wells Fargo*. A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted or need to be duplicated.[16] Considering that the briefing on Nationstar's motion for partial summary judgment is not yet concluded, entering a stay today will reduce the hardship and inequity for all parties.

**C.     Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated once the Ninth Circuit decides the *Wells Fargo* appeal. So it is not clear to me that a stay pending that decision will ultimately lengthen the life of this case. Though Nationstar argues that further passage of time may hinder its ability to obtain discovery in this case, I do not find this argument persuasive. Though this lawsuit centers on a title-insurance policy issued in 2006, an HOA foreclosure sale that happened in 2013, and insurance claims denied in 2016, Nationstar waited to file this action until mid 2020. And discovery has already commenced.[17] Any documents or information that have been rendered unavailable due to the passage of time have likely already been lost, and a temporary delay to allow the Circuit to potentially resolve key issues in this case will likely not cause further discovery difficulties.

---

[16] Though Nationstar's lead argument is that a stay is inappropriate because there are no pending dispositive motions in this case, *see* ECF No. 14, Nationstar has since filed a motion for partial summary judgment and a motion to certify questions to the Nevada Supreme Court. *See* ECF Nos. 18–19.

[17] *See* ECF No. 7 (scheduling order); ECF No. 10 (stipulated protective order).

4

### D. The length of the stay is reasonable.

Finally, I note that a stay of this case pending the conclusion of the *Wells Fargo* appeal is expected to be reasonably short. Briefing is currently scheduled to be completed next week. Because the length of this stay is directly tied to the appeal, it is reasonably brief, and it is not indefinite.

## Conclusion

IT IS THEREFORE ORDERED that the motion to stay this case pending the conclusion of the *Wells Fargo* appeal **[ECF No. 11] is GRANTED. This action is STAYED for all purposes. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.** Once the appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Case No. 19-17332 (District Court Case No. 3:19-cv-0241-MMD-WGC), has concluded, any party may move to reopen this case and lift this stay.

IT IS FURTHER ORDERED that **the following motions are DENIED as moot** and without prejudice to the ability to refile them after the stay is lifted:

- Nationstar's Motion for Partial Summary Judgment **[ECF No. 18]**;
- Nationstar's Motion to Certify Questions to the Nevada Supreme Court **[ECF No. 19]**.

Dated: December 3, 2020

                                                                                    _____
U.S. District Judge Jennifer A. Dorsey